RECEIVED

MAY 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN HARGROVE,

    Plaintiff

-vs-                                  Civil Action No. 080743(RWR)
                                    Judge: Roberts,Richard,W.

BERNARD GOODING, MICHAEL NIAS,
COURT SERVICES OFFNDER SUPERVISION

    Respondent(s)

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE - RULE 65(b)

Plaintiff, moving *pro se*, respectfully request that this Honorable Court construe his pleadings liberally in light of the United States Supreme Court precedent in Haines v. Kerner, 404 U.S. 519(1972).

I, **Kevin Hargrove**, first being duly sworn under oath, deposes and says:

1. That I am the Plaintiff in the above entitled-action and I make this affidavit in support of request for injunctive relief pursuant to Rule 65(b)F.R.Civ.P. .

2. I am fifty-one years of age and understands the obligation of an oath.

3. Until June 11, 2008, I would be confined at the Rivers Correctional Institution for a period of (14) months.

4. I am scheduled to be paroled on June 11, 2008, under the supervision of CSOSA, until 12-09-2010.

5. I was originally confined at Rivers Correctional Institution on 7-18-07 with a diagnonis of hepatitis 'C', and here at the Rivers Correctional Institution, I do not meet the criteria for the gravely needed medical treatment that I am due to receive at the Phoenix Clinic at the D.C. General Hospital upon my parole date of 6-11-08.

6. To prevent any further irreparable injury, because of the (2) year delay of gravely needed medical treatment caused by the Respondent's intentionally fabricated recommendation of a (35) day to 127 days residential substance abuse treatment for a non-existent chronic usage of the drug P.C.P.

7. I assert that every element of this disclosed fraud demands the exercise of the Courts power of equity to set aside fraudulently begotten recommendation, obtained with the aid of a Respondent, who on the basis of the discovered evidence, is believed possible to have been guilty of falsifying a government document. Even if the Court considers nothing but the Respondent's sworn admission, that he reviewed all of the documents provided as the basis of his recommendation, the Court will find a deliberately planned and carefully executed scheme to defraud not only the Plaintiff but the Respondent(s) employers, CSOSA and the District of Columbia.

8. As a direct result of this fabricated recommendation of 6-26-06, by the Respondent Bernard Gooding, I was placed into a (35) day impatient treatment on 11-08-06 and successfully

completed treatment at the Second Genesis Treatment Facility on Harvard Street, N.W. Washington, D.C. and was successfully discharged by Mr. Harry Washington on 11-27-06.

9. I assert that but for lack of knowledge of the Respondent's Attorneys the movant's attorney certifies in writing that any and all efforts would have been made to give Notice to the Respondents Attorneys for that reason notice should not be required.

## CONTENTS AND SCOPE

(A) I respectfully ask the Court for an injunction on the Respondents to cease and dismiss its order dated 3/31/2008, for the Plaintiff to report to the Re-entry and sanction center immediately upon release from Rivers on June 11, 2008. As to allow this pro se Plaintiff to:

i) Allow me the time to have the gravely needed liver biopsy that is denied here at Rivers this part (14) months.

ii) As to allow me to receive the gravely needed medical treatment at the Phoenix Clinic at D.C. General Hospital that is denied here at the Rivers Correctional Institution and will be denied at the Re-Entry Center.

iii) As to allow this pro se, Plaintiff to retain legal counsel for this Petition as well as civil action No. 080743, R.W.R..

(iv) As to allow this pro se, Plaintiff, (myself) to prepare to proceed legally for the expediting of the Preliminary Injunction Hearing in order to proceed with this motion if consent from the adverse party is not given or forthcoming.

**WHEREFORE,** I respectfully request that this Honorable Court grant relief to which he may be entitled in this injunctive relief.

Executed: May 22, 2008

_____
Kevin Hargrove, Pro Se

**SWORN TO AND SUBSCRIBED TO** before me this 22nd day of May, 2008.

_____
Notary Public

My commission expires: 4/1/09

[Notary Seal: RITA C. WILLIAMS, NOTARY PUBLIC, PASQUOTANK CO.]

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIT OF COLUMBIA

KEVIN HARGROVE,

        Plaintiff

-vs-

        Civil No. 080743(RWR)
        Judge: Roberts, Richard, W.

BERNARD GOODING, MICHAEL NIAS,
COURT SERVICES OFFENDER SUPERVISION

        ORDER TO SHOW CAUSE

        PRELIMINARY INJUNCTION

        Respondent(s)

    Upon the annexed affidavit of Kevin Hargrove and upon a copy of the complaint herein, it is ORDERED, that the Defendants Show Cause at a motion term of this Court, Room_____, the United States District Court for the District of Columbia, located at 333 Constitution Avenue, N.W., Washington, D.C. on_____at _____a.m./p.m. or as soon thereafter as counsel may be heard, why an Order should not be made pursuant to Rule 65(b) of the Federal Rules of Civil Procedure:

(i) Enjoining Defendants from imposing the mandate of ordering the Plaintiff Kevin Hargrove to report to the Re-entry and Sanction Center immediately upon his release date of June 11, 2008.

FURTHER ORDERED, that personal service of a copy of this order and the papers upon which it was granted, be made upon the Attorney General of the District of Columbia for Washington, D.C., on or before _____, which shall be due and sufficient service of this order. SO ORDERED.

Date:_____                    _____

09/24/2014 06:18 FAX                                                                                    ☒003/004



# Court Services and Offender Supervision Agency
## for the District of Columbia
*Transitional Intervention for Parole Supervision-TIPS Unit*

DATE: 03/31/2008
(Revised 3-5-07)

### REPORTING INSTRUCTION SHEET

You are instructed to report to the following address immediately upon release:
**RE-ENTRY AND SANCTION CENTER (RSC) IMMEDIATELY UPON RELEASE**
1900 Massachusetts Avenue, SE, Karrick Hall Building #17
Washington, D.C. 20003

### OFFENDER INFORMATION

| NAME: | Kevin Eugene Hargrove | | | |
|---|---|---|---|---|
| DCDC #: | 185-350 | PDID #: | 292-603 | |
| FEDREG #: | 23824-016 | CSOSA #: (Interstate Cases): | 138696 | |
| ADDRESS: | 1900 Masschusetts Ave, SE, Washington, DC 20003 | | | |
| PHONE #: | (202) 442-1150 | | | |

### RELEASE STATUS (Complete Appropriate Box)

| Case Type | Docket Number(s): | Release Date: | Full Term Expiration Date | Length of Supervision |
|---|---|---|---|---|
| Parole | 1992_FEL_012539 | June 11, 2008 | 12/09/2010 | |

### INTERSTATE INVESTIGATIONS

| Case Type: | Docket Number(s): | Supervision Start Date: | Supervision End Date: |
|---|---|---|---|
| | | | |

| Charge: | Prison Breach(2cts) Robbery | Special Conditions: | Drug Testing |
|---|---|---|---|

| ASSIGNMENT TYPE: (Select appropriate type) | SPECIAL REFERRALS: (Select if applicable) |
|---|---|
| SAINT/HIDTA Supervision | |

| Detainer (List type, docket and jurisdiction) | |
|---|---|
| | |

| Comments: | |
|---|---|

*Release dates and full term expirations dates are subject to change in pre-release status. Consult USPC Certificate of Release for final confirmation of these dates.

Offender Signature _Kevin Hargrove_
Michael Hillaird  _M. Hillaird_                                          (Date)

Inmate Refuse to sign at this time.  witness: R.W Hinton  4/3/08
                                                witness: D. Askew  4/3/08

800 Indiana Avenue NW, Second Floor, Washington, D.C. 20001
Voice: (202) 442-1490   Fax: (202) 442-1597

## Mini-Field Supervision – Running Record

**Name:** KEVIN HARGROVE    **CSOSA:** 138696

| Contact Date | Next Contact | Contact Type | Contacted By | Contact With | Location | Purpose |
|---|---|---|---|---|---|---|

**Notes:** Home visit conducted to offender's residence with CSO Weyant in effort to eestablish contact with the offender as a result of his FTR to this officer after his discharge from treatment. THis officer gave his girlfriend (Julia Simpson) a letter with reporting instruction to reoprt to this office by 12/15/06 @10am. She was asked about the offender's whereabouts, and stated he was not home.

---

12/14/2006 | | Telephone | Melanie Smith | Girlfriend | Supervision Office | Collateral Contact

**Notes:** Ms. Simpson called this officer back screaming and yelling. This officer asked her not to scream, she continued saying that Mr. Hardgrove will have a new number to be contacted on. SHe indicated that she did not want me to call the number of record because she would not be taking messages for him, and has a elderly mother to take of.

---

12/14/2006 | | Telephone | Melanie Smith | Girlfriend | Supervision Office | Collateral Contact

**Notes:** Call placed to offender's residence to see if he went home after his discharge from Second Genisis today. THis officer spoke with HIs girlfriend (Julia Simpson) who began yelling and screaming. SHe was asked to have the offender to report to this officer immediatley if he should happen to come home. THis officer aksed her to hold, and when this officer returned she was no longer on the line. Client has not reported to this officer as of 12:47pm.

---

12/4/2006 | | E-Mail | Melanie Smith | Counselor | Supervision Office | Treatment

**Notes:** Recieved a call from Mr. Harry Washington, stating Mr. Kevin Hargrove, PDID# 292-603 will be nearing the end of treatment at the Second Genesis, Harvard Street facility, therefore a staffing will occur on Thursday, December 7, 2006 at 10:30am

---

11/20/2006 | | Telephone | Melanie Smith | Counselor | Supervision Office | Treatment

**Notes:** Recieved a call from Ms. Koon Counselor at (Second Genisis) verifying that the offender is at Second Genesis and will be there 28 days. CSO to follow up with offender's compliance status.

---

11/14/2006 | | Telephone | Gregory Harrison | Wife | Supervision Office | Consultation

**Notes:** [Look At This →] SCSO received a call from the offender's wife stating that she recieved a telephone call from CSO Smith indicating that the offender "had not reported to treatment and that he must report or his freedom is in jeopardy." Ms. Julia Simpson-Hargrove expressed her displeasure with having CSO threaten her husbands freedom when the offender was in fact at the treatment program. Mrs. Simpson-Hargrove stated that she would like to have her husbands CSO changed. SCSO informed Mrs. Simpson-Hargrove that there was no jusitifiable reason to change officers at this time. There appears to be a communication disconnect. SCSO to meet with CSO to discuss further issues related to the offender's treatment progression.

---

11/13/2006 | | E-Mail | Melanie Smith | No Contact | Supervision Office | Fail To Report

**Notes:** [Must See] Recieved an email indicating the offender failed to reporEVIN HARGROVE did not show for the following scheduled Treatment
Modality: Short Term Residential
Program Type: 28 Day Residential
Vendor: Second Genesis
Program: 28 Day Residential
Dates: 10/3/2006 to 10/31/2006
Referral for 28Days
RPT Staff: King, Arvetta

: to treatment. Email attached below

---

The information contained is for official use only and is protected by Federal Privacy Act of 1974, 5 U.S.C. 552a(2000)

Administrative Remedy
Step 1 – Response

Date Filed: 8-1-07                    Remedy ID No. 07-176

Hargrove, Kevin   Reg # 23824-016

This is in response to your Step 1 Administrative Remedy dated 8-1-07 in which you concerns about your medical diagnosis of Hepatitis C.

According to your medical record, there is no indication that you had Hepatitis C in 2006. You were transferred to our facility on 7-18-07 with the diagnosis of Hepatitis C. We completed test on your blood to substantiate the diagnosis and what your blood levels indicated. At this time, your lab results do not meet criteria for the treatment of Hepatitis C. We will continue to monitor your condition. Treatment will begin if indicated.

After a thorough review of the circumstances pertaining to your requested Administrative Remedy, we find that there is no evidence to support your grievance.

Based on the above information your request for Administrative Remedy is denied.

If you are not satisfied with this response, you may obtain a Step 2 from your Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response.


_____8-9-07_____                    _____J. Keel_____
       Date                            J. Keel
                                       Health Services Administrator

**WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS & URBAN AFFAIRS**

August 22, 2007

**SPECIAL MAIL**
**LEGAL MAIL: Do Not Open Except in Inmate's Presence**

Kevin Hargrove, 23824-016
Rivers Correctional Institution
PO Box 630
Winton, NC 27986

Dear Mr. Hargrove,

We received your letter of August 19 regarding the treatment you feel you are being denied for your Hepatitis-C at Rivers. Thank you for writing. All these stories help remind our lawyers how important our work on our class-action suit is, which will hopefully push Rivers to drastically improve its medical services.

I did some research about Hepatitis-C and thought I would pass along what I have found, to ease your mind a bit. I am enclosing some photo-copies of the chapter I read, but I'll also summarize it here.
- First, you should know that most HCV (Hepatitis-C) patients are "asymptomatic," which means they do not have any symptoms of illness. This is why many people can go for a very long time without even knowing they are infected—they seem and feel perfectly healthy.
- Inmates with HCV should be routinely monitored, however, to ensure that they do not develop more serious symptoms or infections. Besides this, HCV patients should receive vaccinations for hepatitis A and B.
- For the small number that develop acute HCV, patients should be evaluated for possible antiviral therapy, which may help protect against chronic infections. Even for those diagnosed with acute HCV, experts suggest delaying treatment for 2-4 months after the onset of symptoms. Only if a certain protein can be found in the inmate's blood work should a 6-month treatment of antiviral medication begin.
- For those with chronic HCV, which might be what you have, this book recommended a treatment of preventative therapy against other infections and a monitoring of the liver.

Feel free to peruse the chapter yourself. What I understood this all to mean is that specific treatment may not be warranted for every HCV case; in fact, there are not many specific treatments available for HCV. However, I am certainly not a doctor, and I encourage you to read up on this yourself, as well as to continue to submit sick calls and consult the doctor at Rivers if you are continuing to feel unwell.

I hope this information is helpful to you. Feel free to write back if you have other questions.

Sincerely,

Alison Frick
Intern to Deborah Golden, Attorney

11 DUPONT CIRCLE, NW   SUITE 400   WASHINGTON, DC 20036
www.washlaw.org (WEBSITE)   (202) 775-0323 CLIENT LINE- COLLECT CALLS ACCEPTED